COMMONWEALTH *versus* EBENEZER D. RICHARDS.

Under the *St.* 1832, *c.* 130, § 3, allowing persons convicted in the Court of Common
Pleas, of certain offences, to appeal, provided that the " appeal shall be claimed in
a convenient time before the rising of the court, before which such *conviction* shall
be had, and that the party appealing shall, within such convenient time, recognise
to the Commonwealth," the appeal must be claimed, and the recognizance entered
into, before the end of the term at which the *verdict* is returned. [Revised Stat. *c.*
138, § 5.]

THIS was an appeal by the defendant from the Court of
Common Pleas.   The facts are set forth in the opinion of the
Court.

SHAW C. J. delivered the opinion of the Court.   At the   *April term*
last term of this Court a motion was made by the attorney-   1836.
general to dismiss this appeal, upon the grounds hereafter
stated ; and as it involved an important question upon the
statute relative to criminal jurisdiction, I was desirous of
having the opinion of the whole Court ; it was accordingly laid
before them, and the result is now stated as that of the whole
Court.

The appellant was indicted for perjury, and upon trial a
verdict was found against him.   At the same time he claimed
an appeal, but did not recognise to prosecute his appeal.   The
cause was continued to the next term of the court ; he then
recognised to prosecute his appeal, to the then next term of
this Court ; and his appeal was allowed, and was accordingly
entered here.   The motion to dismiss the appeal is founded
on the ground, that no appeal was allowed and no recogni-
zance entered into by the appellant, at the term at which the
verdict was returned ; that by the true construction of the
statute, the verdict is the conviction contemplated, and there-
fore by the terms of the statute, the condition upon which an
appeal is to be allowed, was not complied with, and therefore
that the appeal cannot be sustained ; and that as the facts ap-
pear on the record, a motion to dismiss is the proper course.
*St.* 1832, *c.* 130, § 3.

The right of appeal, in the sense in which " appeal " is un-
derstood in this Commonwealth as a general right to have a ful
new trial, in all matters of law and fact, at the court appealed

to, depends solely upon the provisions of the statute ; and by the terms of the statute, it is limited and conditional. It is limited to cases of conviction for a libel, nuisance or conspiracy, or for some crime or offence punishable by confinement to hard labor for a term exceeding five years. And in these cases, it is allowed only on the condition that it shall be claimed in a convenient time before the rising of the court before which such conviction is had, and that the party appealing shall within such convenient time, recognise to the Commonwealth. If in the construction of this statute, in these clauses, " conviction " means the verdict of a jury, then the statute is explicit and imperative, and precludes an appeal after the term at which the verdict is rendered. In construing a statute all the parts and clauses of it are to be taken together to ascertain the meaning of the legislature. It has generally been considered, we believe, that as the sentence is the final act in a criminal proceeding, it constitutes the judgment, and it is only from final judgments that appeals are to be taken. But though such is the general rule of law, we think it has been changed by this statute, and that the statute itself has made a distinction between a conviction and a judgment. In general, the legal meaning of " conviction " is, that legal proceeding of record, which ascertains the guilt of the party, and upon which the sentence or judgment is founded, as a verdict, a plea of guilty, an outlawry and the like. The law implies, that there must be a conviction before punishment. 1 Hawk. P. C. *c.* 10, § 9. Judgment amounts to conviction ; though it doth not follow that every one who is *convict* is adjudged. 1 Hawk. P. C. *c.* 10 ; Jacob's Law Dict *verb. Conviction.* Conviction may accrue two ways, either by his confessing the offence and pleading guilty, or by his being found so by the verdict of his country. 4 Blackst. Comm. 362. After trial and conviction, the judgment of the court regularly follows, unless suspended or arrested, &c. *Ibid.* 365.

And from other clauses in the statute, we think it is manifest, that the legislature so understood the language used. It provides, that the party so appealing, shall be in custody until he shall so recognise, or until he shall be sentenced for want of such recognizance. Again, after appeal, in case he

shall not prosecute his appeal, the Supreme Judicial Court shall award such sentence against him, for the offence whereof he is so convicted, as they ought to do, in case he stood convicted by the verdict of a jury in said court.  These words clearly imply, that the appeal must be taken upon the conviction, before sentence, and that on failure to recognise within the time required, sentence is to be passed, and the right of appeal is gone, and that by conviction, the legislature mean the act of the jury, or the verdict.  We are therefore of opinion, that the legislature intended to distinguish between a conviction and a judgment, and to allow the appeal to be taken from the conviction, instead of the judgment.

It is perhaps not necessary to seek further reasons, when the language of legislative enactments is not doubtful ; but it is satisfactory to perceive, that there may be good reasons for adopting a particular construction, consistent with the general purposes and policy of the act.  Perhaps the legislature might consider it useless, and in many instances oppressive and unjust, to stigmatize a party by pronouncing sentence to an infamous punishment, where the law itself provided that it should not be carried into effect, and where, by allowing an appeal, it admitted by implication, that a good and complete defence might still be made.  Besides, the statute itself authorizes the Court of Common Pleas to grant a new trial ; and under its general jurisdiction, it must have power to sustain motions in arrest of judgment, and consider all legal exceptions, which may be taken after verdict and before judgment ; and it may well be inferred, that the legislature intended to proceed on the ground, that if a party, in the cases allowed, would avail himself of an appeal, giving the benefit of a full new trial, in matters of fact as well as law, he should do it immediately after a verdict in the court below, as well to ensure as speedy a trial as possible, and to avoid all the delays incident to such motions and proceedings in the Court of Common Pleas, as because upon a new trial on appeal a new aspect might be given to the state of facts, which would render all such motions and legal exceptions unnecessary and unimportant.

The Court are therefore of opinion, that by the terms of the act, the appellant must not only claim his appeal, but must

recognise to prosecute it, before the rising of the court at which the verdict is returned ; and that this not having been done, this appeal cannot be sustained, and that the judgment must stand as a valid judgment, unappealed from, to be carried into effect by the Court of Common Pleas.

*Appeal dismissed.*